EXHIBIT A

1    Ryan C. Bundy
     ID No. 79400-065
2    Nevada Southern Detention Hearing
     2190 Ease Mesquite Avenue
3    Pahrump, Nevada 89060
     Pro Se
4
                    UNITED STATES DISTRICT COURT
5                  FOR THE DISTRICT OF NEVADA,
                        SOUTHERN DIVISION
6

```
                                          _____ FILED      _____ RECEIVED
                                          _____ ENTERED    _____ SERVED ON
                                                 COUNSEL/PARTIES OF RECORD

                                               APR 2 4 2017

                                            CLERK US DISTRICT COURT
                                               DISTRICT OF NEVADA
                                          BY:_____DEPUTY
```

7    RYAN C. BUNDY,                      §
                                         §
8              Plaintiff,                §
                                         §
9    Vs                                  §
                                         §
10   UNITED STATES OF AMERICA, INC.,     §
     Serve:  Address                     §
11

12   CORECIVIC,                          **2:17-cv-01127-JAD-GWF**
     Serve: Address
13

14   CHARLOTTE COLLINS,                  §
     Serve: Address                      §
15                                       §
     JOHN AND JANE DOES 1 THROUGH 15     §
16   Serve: Address                      §
                                         §
17             Defendant.                §
                                         §
18

19                     **BIVENS CLAIM**
              **DEPRIVATION OF CIVIL RIGHTS**
20           **COMMITTED BY FEDERAL ACTORS**
                   **ORIGINAL COMPLAINT**
21

22        **COMES NOW,** Pro Se Plaintiff Ryan C. Bundy (hereinafter "Bundy" or "Plaintiff") and

23   files this Original Complaint against CoreCivic and Corrections Corporation of America

24   (collectively hereinafter "CoreCivic"), John and Jane Does 1 through 15, Charlotte Collins and the

25   United States of America, Inc.. In furtherance thereof, Plaintiff incorporates his Motion for

26   Preliminary Injunction and Personal Declaration of Ryan C. Bundy and states the following:

27

28

## I.     NATURE OF THE COMPLAINT

1. This is a civil action brought pursuant to 42 U.S.C. § 1983, under *Bivens v. Six Unknown Agents*, 403 U.S. 388 (1971), seeking damages against Defendants for their unlawful acts, omissions, customs, practices and unwritten policies ratified by chief policy maker at Nevada Southern Detention Center (hereinafter "NSDC"), and the United States of America, Inc., (hereinafter "Government"); and the intentional acts and omissions committed by individual Doe Defendants under the color and authority of federal law, which deprived Bundy of his constitutional rights secured under the Constitution and laws of the United States of America.  In addition, this action seeks emergency and permanent injunctive and declaratory relief against Defendants.

## II.     JURISDICTION

2. Jurisdiction exists in this case pursuant to the First, Fourth, Fifth, Eighth and Fourteenth Amendments of the Constitution of the United States Constitution, 42 U.S.C. § 1985 and § 1988, and 28 U.S.C. §1331, § 1343, § 2202;  and pursuant to <u>Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics</u>, 403 U.S. 388, 91 S. Ct. 1999, 29 L. Ed. 2d 619 (1971);

3. This Court has pendent and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4. Venue is proper in this jurisdiction pursuant to 28 U.S.C. § 1391, because the events underlying this action occurred within the jurisdiction of the United States District Court for the Southern District of Nevada.

## III.     PARTIES

5. **Plaintiff, Ryan C. Bundy,** is a forty-four year old man living on the land know as the state of Nevada; happily married with eight healthy children.  His family has owned the Bundy Cattle Ranch in Bunkerville, Nevada since 1877.  Presently, Mr. Bundy is a pre-trial detainee at NSDC located in Pahrump, unlawfully held under a pretextual and unmeaningful detention hearing in the United States District Court for the District.  The federal charges are in the Superseding Indictment(See Case No. 2:16-cr—00046 at Doc 27) are incoherent,

multifarious in nature; and at best an ambush supported by the District Court to baffle a jury of Bundy's peers with [*&%$].  The Government filed this purported lawful indictment on or around March 2, 2016.

6. **Defendant Charlotte Collins,** at all times relevant hereto, serves in the capacity of the Warden at NSDC.  Collins is employed by CoreCivic, a/k/a Corrections Corporation of America.  Collins is the chief policy maker at NSDC and is sued in her individual and official capacities.

7. **CoreCivic, a/k/a Corrections Corporation of America,** is a privately owned Corporation which offers full-service corrections management providers, specializing in the design, construction, expansion and management of prisons, jails and detention facilities.

8. **Defendant, UNITED STATES, INC., at all times relevant herein,** employs many agencies, including the United States Marshal's Service (hereinafter "USMS,") which is the government entity/agency responsible for the custody of Ryan C. Bundy, at all times relevant herein; while Bundy has been housed at the NSDC facility. The USMS has, and continues to conspire with CoreCivic and the Department of Justice to violate Plaintiff Bundy's and other pre-trial detainees' statutory and constitutional rights by and through their relationships[1] with

---

[1]   Note: Since 1789, the U.S. Marshall Service has been and continues to be the enforcement arm of the federal courts. The USMS manages contracted security services inside federal court facilities which are funded by the judicial branch's court appropriation. The agency oversees the daily operations and management of security services. Additionally, the USMS is responsible for the care and custody of federal prisoners from the time they are arrested by a federal agency (or remanded by a judge), until they are acquitted, committed to their designated Federal Bureau of Prisons institution, or otherwise ordered released from the Marshals custody.  Further, the Marshals provide housing, medical care, and transportation to federal prisons throughout the U.S and its territories, and escorts prisoners to and from court appearances.

Moreover, the USMS does not own or operate prison detention facilities; instead it partners with state and local governments to house approximately sixty three percent (63%) of its prisoners. Additionally, the USMS houses approximately eighteen percent (18%) of its prisoner population in private detention facilities, and approximately eighteen percent (18%) in Federal Bureau of Prisons facilities.  At all times relevant herein, all defendants associated with Criminal Action No. 2:16-cr-0046 are being housed at NSDC which is a private detention facility owned and operated by CoreCivic, a/k/a Corrections Corporation of America.

The Lloyd D. George U.S Federal Courthouse is the division headquarters of the USMS located at 333 Las Vegas Boulevard South, Suite 2058, Las Vegas, NV 89101, (702) 388-6286. Defendant Doe of USMS is either the chief policy maker and/or implements the policies of the

Defendant contractors and the contract for prison services between defendants USMS and CORECIVIC.

9.  **Defendant John and Jane Does (hereinafter referred as "Doe Defendants" or "Does")** at all times relevant herein, are citizens of the United States, and were acting under color of federal law in their capacity as privately contracted correction officers employed by CoreCivic, or some other presently unknown contractor who performs services for USMS. Defendant Doe's also provide supervisory leadership, among other things, on behalf of Defendant Warden Collins and other Defendant Doe's at the USMS. The true names and capacities of each John and Jane Does are presently unknown; hence Plaintiff sues Defendants Doe's by such fictitious name and will move for leave to amend this Complaint to add his or her true names when the same has been ascertained. At all times, Doe's were acting as the agents, servants and employees of CoreCivic, and USMS under contract with the United States Marshal Services. Each Defendant Doe is sued in his or her individual and official capacity.

10. **Defendant David L. Harlow,** at all times relevant herein, has served as the Acting Director of the USMS from July 26, 2015 until February 20, 2016.   Said title has expired in accordance with the Vacancies Reform Act. [2]Per the Attorney General's request, Harlow continued to lead the USMS as Deputy Director during throughout the Presidency of Barrack Obama.[3]

11. **At all times relevant herein, Defendant Stacia Hylton** served as the Director of USMS since January 2011, and was acting under the color of federal law.   Defendant Hylton was forced into resigning her position in 2015 with the USMS.   Congressman Chuck Grassley stated through reporting from a respected news outlet, *The Hill*:

---

USMS Director located in Washington D.C.  [*See United States Marshal Services Website*]

[2] In the event that Harlow is not the Acting Director after January 20th, 2017; Plaintiff intends to sue the Director under the name of Defendant John or Jane Doe.

[3] See https://www.usmarshals.gov/contacts/bio/harlow.htm

"It [United States Marshal Services] has come under new pressure from Congress in recent months, on the heels of separate revelations about its <u>secret use of surveillance devices</u> that scoop up information from people's cellphones and possible misconduct in hiring and spending money.

Sen. Chuck Grassley (R-Iowa), the head of the Senate Judiciary Committee, has been one of the most vocal critics of the apparent misuse of money and employment quid pro quos within the agency, which sits under the umbrella of the Department of Justice.

"It's never good news when the head of an agency needs to step aside in the midst of these kinds of allegations, and it also doesn't mean the investigations are complete," he said in a statement on Tuesday, after the announcement from the Marshals Service.

"As the Marshals Service moves forward, the next director must be committed to bringing real, positive change to what appears to be a culture corroded by unethical hiring practices, misuse of funds and retaliation against whistleblowers."

Grassley's committee has begun an investigation into the possible abuse which might continue past Hylton's tenure, he said."[4]

12. Collectively, Director Harlow and Director Hylton are referred to as Director of United States Marshal Services.

## IV. BACKGROUND

13. Ryan C. Bundy (hereinafter "Plaintiff" or "Bundy"), his (4) brothers[5] and his father, Cliven Bundy have been incarcerated in federal custody for over fifteen (15) months for federal crimes, to which they all have maintained their innocence to. Bundy was acquitted on all charges by the federal government in the District Court of Oregon on October 27, 2016; similar to the charges in the United States District Court in Nevada. Immediately following Bundy's acquittal in Portland, Oregon in late October of 2016; the U.S. Marshals Service transported Ryan Bundy, his (5) brothers; and their father to Las Vegas, Nevada.

---

[4] See http://thehill.com/policy/national-security/244407-marshals-service-head-to-resign-on-heels-of-congressional-scrutiny

[5] Ammon, Mel, David, and ?

14. From October 27, 2016 to approximately November 28, 2016, Defendant remained in federal custody in the state of Oregon against his will; or was otherwise transported to undisclosed federal facilities and states, where no charges were pending against Bundy or any other criminal defendant.

## V.    FACTS

15. Plaintiff Bundy, in the direct care custody and control of the USMS was transported to NSDC on or around December 1, 2016;

16. At all relevant times herein, Plaintiff Bundy has been a pre-trial detainee at the Nevada Southern Detention Center in Parhump, Nevada. **[See Declaration of Ryan C. Bundy]**

17. Defendant Doe's employed by CoreCivic and other facilities have forced Ryan Bundy and others into disciplinary segregation for approximately over 100  total days while they have been incarcerated at NSDC and in Oregon. Id.

18. At all times relevant herein, Plaintiff Bundy has been forced and threatened to undergo oppressive, intrusive, and unlawful body cavity searches multiple times per day where his clothing is removed, where his genitals are or would be exposed to Defendant Doe's during these multifarious and nonconsensual intrusions against his fourth, fifth, eight and fourteenth amendment rights. Id.

19. To date, Plaintiff Bundy, while under duress, has experienced over (40) highly intrusive strip/body cavity searches by Defendant Does who are employed by CoreCivic at the NSDC federal prison facility. Id.

20. Plaintiff Bundy has been forced and threatened to bend over and expose his anus by spreading his buttock cheeks wide open while Defendant Doe's peer up into Mr. Bundy's rear body cavity hundreds of times while a pre-trial detainee housed at NSDC; and while unlawfully detained in Oregon; Id.

21. Even after visiting with attorneys who are officers of the court, Mr. Bundy is made subject to these degrading and humiliating searches, absent reasonable suspicion or probable cause that he committed, was committing, or intended to commit any crime or violate the NSDC rules

and regulations. Id.

22. On or around March 20, 2017, Plaintiff Bundy refused to undergo [any] further strip/body cavity searches imposed upon his person by Doe Defendants. Id.

23. To date, Defendant Does continue to "punish" Plaintiff's decision to refuse to be strip searched/body cavity searched without notice or an opportunity to be heard by keeping him locked down in disciplinary segregation for twenty four hours per day, with no opportunity for meaningful daily exercise. Id.

24. Defendant Doe's have offered to transport Plaintiff to a hearing on the issue of being unreasonably strip/body cavity searched in violation of his constitutional rights; but threaten under duress - the same punishment Plaintiff refuses to comply with to get Plaintiff in front of the administrative body to hear the grievance. Id.

25. In so failing to accommodate Plaintiff's fourth, fifth, eighth, thirteenth and fourteenth amendment rights, Defendant Does are exercising deliberate indifference against Plaintiff and others similarly situated per se.[6] Id.

26. At all times relevant herein, Plaintiff Bundy has not received any disciplinary hearing pertaining to the acts and omissions described herein. Id.

27. At all times relevant herein, Doe Defendants forced Plaintiff Bundy into disciplinary segregation with no working toilet, no toilet paper, no pencil and paper; and no way to prepare for his own defense against the Government. Id.

28. Defendant Does removed Bundy's legal papers and other legal personal property including a "thumb drive" with Bundy's case law and research stored therein with no legitimate prison safety objective or legal justification for so doing. Id.

29. Plaintiff has made earnest attempts to prepare himself for Case No.: 2:16cr046 with little to no success due to the obstacles alleged *supra. Id.*

30. As of April 18, 2017, Plaintiff Bundy has been in "the hole" for approximately (40) days and

---

[6] Note: Defendants have failed and refuse to make an accommodation for Plaintiff to obtain an administrative hearing on the very same issue that bars his appearance; and in so doing Defendants are constructively and perpetually denying Plaintiff access and affording him no opportunity to be heard before the private contractor's administrative body.

as of the filing of this lawsuit he has been locked down for 30 consecutive days with [no] meaningful opportunity for meaningful exercise being provided to him. Id.

**31.** Plaintiff Bundy is being unduly punished by Defendants named in this lawsuit.

## THEORIES OF RECOVERY

### COUNT I.

**Bivens Claim**
Deprivation of Plaintiff's 5th and 8th Amendment Rights
Unconstitutional Conditions of Confinement,
*(Plaintiff v. Doe Defendants in their individual capacities)*

**32.** Plaintiff hereby incorporates Paragraphs 1 through 31, and restates the same herein.

**33.** Plaintiff and others similarly situated are pre-trial detainees' at all relevant times herein.

**34.** Plaintiff and others are presumed innocent of any charges alleged by the defendants until they are tried and proven guilty by a jury of their peers.

**35.** Plaintiff was previously tried under similar charges and facts by the Government in Portland Oregon under 2:15-cr-00051; where plaintiff was acquitted[7] on all charges.

**36.** Plaintiff Bundy has an unequivocal right to be free from punishment and slavery under the 4th, 5th, 8th, 13th and 14th amendments of the Constitution of the United States of America.

**37.** Plaintiff Bundy's right was clearly established at all relevant times herein.

**38.** Defendant Doe's acts and omissions were willful, intentional, reckless and deliberately indifferent to Plaintiff's right to be free from punishment as a pre-trial detainee whom is innocent until proven guilty.

**39.** Defendants knew or should have known that their acts and omissions would cause Plaintiff Bundy to be constitutionally injured.

**40.** Defendants acts and omissions are the direct and proximate cause of Plaintiff's physical, emotional, and constitutional injuries.

**41.** Plaintiff seeks actual and punitive damages against Defendants in their individual capacity in the amount of $5,000.000.00.

---

[7] Note: One of the charges ended in a hung jury 11-1. The government has not re-tried Plaintiff.

## COUNT II.
### Bivens Claim
Deprivation of Plaintiff's First Amendment Rights
### Access to the Courts
*(Plaintiff v. Doe Defendants in their individual capacity)*

42. Plaintiff hereby incorporates Paragraphs 1 through 41, and restates the same herein.

43. At all times relevant hereto, Doe Defendants acts and omissions restricted Plaintiff and others from access to privileged legal communications with attorneys, assistance of counsel, legal visits from representatives of attorneys, legal documents, pencils and paper, timely service of court filings, adequate access to the law library, printer and internet access, to enable Plaintiff to manage his legal research for contemplating his defenses against Defendants.

44. Defendant Doe's restrictions, *supra.* are unconstitutional and amount to punishment[8] against Plaintiff and others similarly situated.

45. Defendant Doe's purposefully instituted over-reaching egregiously intrusive strip search and body cavity searches for the purpose of causing[9] Plaintiff and others to assert their fourth amendment rights; to not be strip searched and body cavity searched and for the purpose of thwarting Plaintiff and other pre-trial detainees access to the courts by knowing Plaintiff and others would direct their attorneys and legal representatives to not come to the facility so that Plaintiff and others can maintain their privacy, bodily integrity and dignity (and would not have to be punished by the repetitive strip searches and body cavity searches).

46. Defendant Doe's by and through their supervisors and directors, have purposefully committed acts and omissions with the express intent to inflict punishment on Plaintiff as

---

[8] See Valdez v. Rosenbaum, 302 F.3d. 1039, 1045 (9th Cir.2002) ("Pretrial detainees have a substantive due process right against restrictions that amount to punishment.") (Citing United States v. Salerno, 481 U.S. 739, 746 (1987); Bell v. Wolfish, 441 U.S. 520, 535 (1979)).

[9] Note: When Plaintiff and other pre-trial detainees assert their right to not have their 4th Amendment rights violated; Defendant Doe's then punish them and force them into administrative segregation.

well as other pre-trial detainees.

47. Defendant Doe's particular conditions and restrictions imposed on Plaintiff as well as other pre-trial detainees is not reasonably related to a legitimate prison objective under the specific facts of this lawsuit; hence it constitutes unlawful 'punishment'.

48. Since Plaintiff began asserting his 4th, 5th, 6th, 8th, 13th and 14th amendment rights to be secure in his person, papers and effects, Plaintiff has been repeatedly punished with being placed in "the hole", widespread repetitive strip search and body cavity search attempts; and refusal to grant Plaintiff confidential attorney meetings with stand-by counsel at NSDC facility.

49. Doe Defendants have refused to allow Plaintiff the ability to speak over the phone with attorneys, legal representatives or otherwise paralegals, in confidence or on secured/unrecorded lines; or to meet with his legal stand-by counsel in private, (absent being punished by Defendants for so doing).

50. Defendant's acts and omissions are the direct and proximate cause of Plaintiff's physical, emotional and constitutional injuries.

51. Plaintiff seeks monetary damages, both jointly and severally against Defendant Doe's for CoreCivic and Defendant Doe for USMS in the amount of $5,000,000.00

## COUNT III.
### Bivens Claim
Deprivation of Plaintiff's Fourth Amendment Rights
### Unreasonable Search and Seizure
*(Plaintiff v. Doe Defendants in their individual capacity)*

52. Plaintiff hereby incorporates Paragraphs 1 through 51 and restates the same herein.

53. Defendant Does are sued in their individual capacities.

54. At all relevant times herein, Plaintiff had and continues to have a constitutional right to be secure in his person, papers and effects and not to be unreasonably searched as a pre-trial detainee who is presumed innocent until he is proven guilty; further, Plaintiff's rights to due process, assistance of counsel, access to the courts; and not to be committed to slavery,

absent a criminal conviction on serious felony charges were established prior to Plaintiff being taken into custody of the USMS.

55. Defendant Doe's violated Plaintiff's fourth amendment rights secured by the United States Constitution when they unlawfully strip/cavity searched him; then punished him for his refusal after submitting to the unlawful searches throughout all times relevant.

56. The acts and omissions by Defendant Does are the direct and proximate cause of Plaintiff's physical, emotional, and constitutional injuries.

57. Plaintiff seeks money damages both jointly and severally against Defendant Does for CoreCivic and Defendant Does for USMS in the amount of $5,000,000.00

**COUNT IV**
**State Law Claim**
**Assault and Battery**
*(Plaintiff v. Doe Defendants)*

58. Plaintiff hereby incorporates Paragraphs 1 through 57, and restates the same as if fully set forth herein.

59. Defendant Does' are sued in their individual capacity.

60. At all relevant times herein, Defendant Does intentionally grabbed, pulled on, pushed and otherwise committed volitional acts that resulted in harmful and offensive contact with Plaintiff on unknown dates between December 2016 and April 18, 2017. Indeed, Plaintiff was subject to oppressive and intrusive strip searches and body cavity searches under duress and without his consent in over forty instances and actively counting.

61. Defendant Does' intended to cause harmful offensive contact to Plaintiff in the furtherance of their scheme to retaliate against and repetitively violate Plaintiff's privacy, dignity and bodily integrity when Doe Defendants grabbed, pulled on, pushed him around and otherwise placed their hands on Plaintiff and restrained him without his consent and no legal or penal justification. (when Plaintiff had done nothing wrong)

62. Further, Defendant Does' also committed excessive force by intentionally forcing Plaintiff into disciplinary segregation with no constitutional justification for so doing; in retaliation

for asserting his constitutional rights to privacy, dignity and bodily integrity after being repetitively assaulted by multiple Defendant Does on many occasions between December 1, 2016 and April 18, 2017.

63. At all relevant times herein, the acts and omissions by Defendant Does were the direct and proximate cause of Plaintiff's physical, emotional and constitutional injuries.

64. Plaintiff seeks monetary damages both jointly and severally against Defendant Does' in the amount of $5,000,000.00

**COUNT V**
**Bivens Claim**
Conspiracy to Deprive Plaintiff's Civil Rights
**Title 42 Section 1985(3)**
*(Plaintiff v. Doe Defendants (CoreCivic) & Doe Defendant(USMS) )*

65. Plaintiff hereby incorporates Paragraphs 1 through 64, and restates the same as if fully set forth herein.

66. Plaintiff sues Defendant Does' in their individual capacity.

67. At all relevant time herein, Defendant Does' acted under the color of federal law.

68. In the timeframe of December 2016 to January 2017, CoreCivic (Doe Defendants possibly last name is Nijarian, stated to Plaintiff Bundy that "yes we will deprive you of your attorney visits") and other CoreCivic (Doe Defendants) and USMS Doe Defendant possibly last name is Carter and Runkles) engaged in a discussion about punishing Plaintiff and other pre-trial detainees located in the NSDC facility.

69. The extent of Defendant Does discussion considered how they would demoralize, humiliate, belittle and make a mockery of Plaintiff and others associated with the instant and associated pending criminal case by punishing Plaintiff with excessive and unreasonable strip search and body cavity searches; by punishing Plaintiff with locking him in the hole for eventual refusal to submit to the unconstitutional punishment of strip search and body cavity searches; by deterring and constructively blocking legal counsel from getting into the facility, taking away Plaintiff's legal papers and effects, locking him

into disciplinary segregation with [no] opportunity for meaningful exercise for over 100 days in total and approximately 35-40 days continuous at present; and not providing a working toilet with toil paper inside "the hole";

70. Defendants Does' had a meeting of the minds at the direction of Defendant Doe (possibly named Agent Carter or Carper) from the USMS: that they would constructively force Plaintiff and others into violation of prison rules and regulations by punishing them with multitudes and repetitive daily strip searches and body cavity searches.

71. Defendants knew that the punishment would cause Plaintiff and others to feel humiliated, belittled and demoralized; and subsequently Plaintiff and other pretrial detainees would refuse the unreasonable searches that would trigger further punishment (in the form of forcing Plaintiff and others into disciplinary segregation.)

72. Defendants took a substantial step in the furtherance of the conspiracy to deprive Plaintiff of his constitutional rights to privacy, his dignity and bodily integrity and his access to the courts; by the act of enforcing and directing numerous other Doe Defendants to punish Plaintiff and others with the nonsensical, unreasonable and ultimately constitutionally unlawful strip searches and body cavity searches.

73. Defendants conspiracy was and continues to be a driving force in the deprivation of Plaintiff's constitutionally protected constitutional rights; which was and continues to be the direct and proximate cause of Plaintiff's physical, emotional and constitutional injuries previously and moving forward.

74. Plaintiff seeks damages against Defendant Does' both jointly and severally in the amount of $5,000,000.00

## COUNT VI
Unconstitutional Policy
First, Fourth, Fifth, Sixth, Eighth and Fourteenth Amendment Violations
(*Plaintiff v. CoreCivic, Charlotte Collins, United States of America, Inc.*)

75. Plaintiff hereby incorporates Paragraphs 1 through 74, and restates the same as if fully set forth herein.

76. Defendant Warden Charlotte Collins (hereinafter "Warden" or "Collins" or "Defendant" or "CoreCivic") is the chief policy maker at all relevant times herein for CoreCivic at the NSDC facility.   Collins is sued in her official capacity.

77. The Director of the United States Marshal Services (hereinafter "USMS") is the chief policy maker at all relevant times herein for USMS located at the Las Vegas, Division. USMS is sued in his/her official capacity.

78. Plaintiff had a clear right to be free from punishment in disciplinary segregation as a pre-trial detainee; not be retaliated against for asserting his constitutional rights; to be able to have private unfettered communication with his stand-by counsel; regular/private attorney visits; be secure in his legal papers and effects; have working toilets and toilet paper; have pencils and paper and his legal documents; and to not be assaulted battered and have excessive force committed upon him.

79. Defendants Collins and USMS have ratified and employed an unconstitutional policy to strip search and body cavity search all pre-trial detainees based on attorney visits; before and after court appearances; arbitrarily with no reasonable suspicion that a crime or rule or regulation has been violated in violation of a pre-trial detainees fourth, fifth, sixth, eighth and fourteenth amendment constitutional rights to be free from unreasonable searches absent probable cause, a warrant from a competent judge or exigent circumstances; and in violation of each pre-trial detainees presumption of innocence and unequivocal right to not be punished before convicted; and his right to not be enslaved prior to a conviction; absent reasonable accommodations to bail.

80. Defendants unconstitutional policy is arbitrary, capricious and without a legitimate prison objective.

81. No rational connection exists between Defendants use of strip search/body cavity search and the legitimate governmental interest of ensuring safety under the well plead facts of Plaintiff's complaint to justify the conduct.

82. Plaintiff and others have no alternative means of exercising  their first, fourth, fifth, eighth

and fourteenth amendment right without being punished and thrown. ("in the hole")

83. The impact of accommodating Plaintiff's and others constitutional rights *supra* will not have a significant negative impact on Defendant Does', other inmates and the allocation of prison resources.

84. Absent reasonable suspicion to enforce highly intrusive strip searchs and body cavity searches, Defendants have the ability to do pat-down searches and utilize tools such as metal detectors which are presently employed at NSDC's prison facility; as well as perform video surveillance on Plaintiff.

85. Defendant's Policy is an exaggerated response to NSDC's pretextual and nonsensical concerns under the facts of this case.

86. Neither CoreCivic or the United States of America, Inc. have credible documentation where either 1) dangerous objects were discovered as a result of strip/body cavity search before/after attorney visits or court appearances; or 2) that Doe Defendants were injured as a result of not strip/body cavity searching pre-trial detainees immediately before and after attorney visits or court appearances; hence, any purported safety or security pretext is grossly over exaggerated and not reasonable.

87. At all relevant times, the law regarding the first, fourth, fifth, sixth, eighth and fourteenth amendment rights of pre-trial detainees as it relates to unreasonable and highly intrusive strip searches and body cavity searches (punishment) was clearly established.

88. Defendants knew, or should have known that their policies would violate the rights of Plaintiff and other pre-trial detainees.

89. Defendants knew or should of known Plaintiff Bundy's and others constitutional rights were being violated because they were put on affirmative notice of their unconstitutional usages, practices, customs and unwritten policies as stated *supra* when multitudes of similar lawsuits and complaints were filed against CoreCivic and the United States of America, Inc. alleging the same conduct Plaintiff complains of in the instant complaint.

90. Defendants' unconstitutional policy is willful, intentional, reckless and deliberately

indifferent to the applicable constitutional rights of Plaintiff and others similarly situated.

91. Defendants' unconstitutional policy *supra* is the direct and proximate cause of Plaintiff's physical, emotional and constitutional injuries.

92. Plaintiff seeks both joint and several damages in the amount of $5,000,000.00 against CoreCivic and the United States of America, Inc.

## COUNT VII
### Bivens Claim
Deprivation of Plaintiff's Fourth, Fifth, Eighth and Fourteenth Amendment
### Retaliation
(*Plaintiff v. Doe Defendants(CivicCORE, USMS )*)

93. Plaintiff hereby incorporates Paragraphs 1 through 92, and restates the same as if fully set forth herein.

94. Plaintiff sues Defendant Does' in their individual capacities.

95. Plaintiff had clearly established fourth, fifth, sixth, eighth and fourteenth amendment rights.

96. Defendant Does' retaliated against Plaintiff for asserting his first, fourth, fifth, sixth, eighth and fourteenth rights.

97. Defendant Does retaliation was the moving force that directly and proximately caused Plaintiff's physical, emotional, physical and constitutional injuries.

98. Plaintiff seeks damages both jointly and severally in the amount of $5,000,000.00 against Defendant Does' (CoreCivic) and Defendant Does '(USMS).

## COUNT VIII
### Pursuant to 28 U.S.C. § 2201
Declaratory and Injunctive Relief
(*Plaintiff v. Doe Defendants, CoreCivic, USMS, United States, Inc.*)

99. Plaintiff hereby incorporates Paragraphs 1 through 98, and restates the same as if fully set forth herein.

100. At all relevant times herein, Plaintiff and those similarly situated are under electronic surveillance, personally watched by Doe Defendants or otherwise being physically handled by and in the physical presence of officers of the court[10] at NSDC during attorney visits.

101. At all relevant times herein, Defendant Does had no reasonable suspicion much less probable cause that Plaintiff and others similarly situated possessed any weapons or contraband when conducting oppressive strip/body cavity searches on Plaintiff and those similarly situated.

102.     Plaintiff has consistently refused for the the previous 30+ days(and counting) consecutively to comply with Defendants unlawful strip search/body cavity searches.

103.     Defendants knew Plaintiff and others would refuse and continue to refuse to comply with Defendants acts and ommisions; which violated Bundy's and others privacy and dignity absent reasonable suspicion and and/or a [l]egitimate prison objective.(emphasis added)

104.     Defendants acts and omissions were committed willfully, intentionally and with deliberate indifference for the constitutional rights of Plaintiff and others.

105.     Defendants leverage this intrusive and violation[al] conduct against Plaintiff and others to purposefully cause pre-trial detainees to cancel[11] legal visits by  respective attorneys or legal representatives.

106.     There is a realistic threat and probability that Plaintiff will be unreasonably be forced into "the hole" again or otherwise remain there until trial; and also that he will currently "unreasonably" remain in disciplinary segregation("the hole") and continue to be subjected to the same constitutional injuries caused directly by the conduct of Defendants and/or  agents on their behalf.

107.     CoreCivic Doe Defendants always unreasonably strip/body cavity search pre-trial

---

[10] Lawyers representing Plaintiff and others similarly situated have a presumption that they are acting lawfully during their attorney visits with pre-trial detainees.

[11] The unreasonable searches are so oppressive that pre-trial detainees purposefully tell their attorneys to not come to the facility so the detainees do not have to go through the humiliating strip/body cavity search multiple times.

detainees based on meetings with attorneys to discuss a pre-trial detainees defense or legal issues; but Plaintiff Bundy is strip/cavity searched excessively and with no legitimate law enforcement purpose than other pre-trial detainees being housed at NSDC.

108.     The USMS through and in conjunction with the Department of Justice("DOJ") ordered or authorized CoreCivic Defendant Does to commit acts and omissions that violate Plaintiff's rights and those of others similarly situated.

109.     CoreCivic Doe Defendants always unreasonably strip/body cavity search pre-trial detainees before and after court appearances; or otherwise before and after any transport. The DOJ by and  through and in conjunction with  USMS ordered and authorized CoreCivic Defendants to commit acts and omissions that violate Plaintiff's rights and those of others similarly situated.

110.     No legitimate pre-trial detainee objective exists for Plaintiff's and others similarly situated to be inflicted with  treatment that amounts to unconstitutional punishment.

111.     Other tools and security techniques such as reasonable pat-downs and metal detectors among others are available to defendants but have been abandoned as a matter of policy towards Plaintiff and others similarly situated.

112.     Plaintiff and others similarly situated have no other means of remedy to preserve their dignity, bodily integrity and privacy and other constitutional rights which are being violated on a daily basis; or otherwise Plaintiff is being punished for asserting his constitutional rights towards the same conduct he is being oppressed with.

113.     The acts and omissions committed by Doe Defendants constitutes "punishment" for the purpose of the fifth amendment against Plaintiff and others.

114.     Punishing Plaintiff and others similarly situated is a flagrant violation of Plaintiffs due process rights which is presently repetitive and ongoing; creating irreparable harm to his  ability to prove innocence among other constitutional and physical injuries.

115.     Plaintiff seeks declaratory relief that:

   a.  Defendants policy to [blanket] strip search/cavity search pre-trial detainees  before

and after visits with attorneys is unconstitutional absent a reasonable suspicion that a pre-trial detainee committed, is committing or intends to commit a crime or violate a NSDC facility rules and regulation.

b. Defendants policy to [blanket] force pre-trial detainees into "the hole" twenty-four" hours a day without any opportunity for meaningful exercise is unconstitutional.

c. CoreCivic's policy to treat pre-trial detainees housing and security related issues deliberately different and substantially worse than convicted prisoners is unconstitutional.

d. CoreCivic's policy to [blanket] strip search/cavity search Plaintiff and others before and after administrative hearings after being punished for failing to allow Defendant Does to strip/body cavity search Plaintiff and others is flagrantly unconstitutional and crystalizes the rights of pre-trial detainees without an opportunity to be heard (unless the pre-trial detainee consents to further intrusive and undignified cavity searches).[12]

116.  Plaintiff seeks injunctive relief:

a. To enjoin defendants from punishing Plaintiff and others similarly situated by strip searching/cavity searching them before/after visits with their lawyer; and before/after being accompanied to Court by Defendant Does;

b. To enjoin defendants from forcing pre-trial detainees into disciplinary segregation("the hole") for disallowing unlawful strip search/cavity searches conducted by Defendants Does.

c. To enjoin defendants from further punishing Plaintiff and those similarly situated by refusing to allow Plaintiff and others to have an opportunity for meaningful exercise(regardless they are unlawfully in "the hole")

d. To enjoin defendants from conspiring with one another to violate Plaintiff's and

[12]  (Restated – the pre-trial detainee must allow Defendants to violate the right that he does not consent to the violation of [and is being punished for] in order to get to the administrative hearing to preserve that same right; constructively foreclosing on the ability to maintain his/her constitutional rights and his/her rights to bodily integrity and privacy; and his opportunity to be heard)

others similarly situated i) their rights to access the courts - attorney visits -- attorney phone calls; ii) to be free from repetitive strip/body cavity searches of their person; and iii) seizure of legal papers and effects necessary to prepare for trial.

e.  To enjoin defendants from confiscating Plaintiff's and others similarly situated legal work product which is required and necessary to prepare for their respective defenses.

f.  To enjoin defendants from further retaliating against Plaintiff and others similarly situated because Plaintiff filed this action.

CONCLUSION

**WHEREFORE**: Defendant Ryan C. Bundy prays this Court GRANT the following money damages; declaratory and injunctive relief as stated in COUNT VIII; and any other and further relief this Court deems proper and just.

1)  COUNT I...............................$5,000,000.00
2)  COUNT II..............................$5,000,000.00
3)  COUNT III.............................$5,000,000.00
4)  COUNT IV.............................$5,000,000.00
5)  COUNT V..............................$5,000,000.00
6)  COUNT VI.............................$5,000,000.00
7)  COUNT VII.................…..........$5,000,000.00

DATED: April 21, 2017                          RESPECTFULLY SUBMITTED,

Bundy, Ryan C

*Pro Se Plaintiff*