# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| RYAN C. BUNDY, | )<br>) |
| Plaintiff, | ) Case No. 2:17-cv-1127-JAD-GWF |
| vs. | ) **ORDER** |
| UNITED STATES OF AMERICA, *et al.,* | ) |
| Defendants. | ) |

This matter is before the Court on Plaintiff's Motion for Recusal of Magistrate Judge (ECF No. 9), filed on April 27, 2017.

Plaintiff states that he intends to object to the assignment of civil matters to the undersigned magistrate judge, but does not set forth the basis for recusal. There are two federal statutes, 28 U.S.C. § 144 and 28 U.S.C. § 455, that address the standards for recusal. The substantive standard for recusal is the same under both sections. Recusal is appropriate when "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *Pesnell v. Arsenault*, 543 F.3d 1038, 1044 (9th Cir .2008). In the absence of a legitimate reason to recuse himself, a judge should participate in cases assigned. *United States v. Holland*, 519 F.3d 909, 912 (9th Cir.2008).

The alleged bias must stem from an "extrajudicial source." *Peterson v. Miranda*, 2013 WL 1500984, at *3 (D. Nev. Apr. 11, 2013) (quoting *Liteky v. United States*, 510 U.S. 540, 554–56 (1994)). "[O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Liteky*, 510 U.S. at 555.

Although § 144 and § 455 have the same substantive test, the procedural requirements under the two sections differ. Under § 144, the legal sufficiency of the motion and affidavit is determined by the judge against whom recusal is sought. *United States v. Azhocar*, 581, F.2d 735, 738 (9th Cir.1978). Once a determination of the legal sufficiency is made, the motion for recusal is referred to another judge. *Id*. Where the party seeking recusal fails to include facts that on their face warrant recusal, referral of the motion is unnecessary. *United States v. Scholl*, 166 F.3d 964, 977 (9th Cir .1999). Here, Plaintiff has not submitted the required affidavit of prejudice and, therefore, his request for recusal under § 144 is insufficient.

Under § 455, recusal is self-enforced by the judge and referral of the motion is not required to consider the merits of the motion. *United States v. Sibla*, 624 F.2d 864, 868 (9th Cir. 1980). Plaintiff does not set forth and there is no factual basis to question the undersigned's impartiality in this case. The undersigned's order detaining Plaintiff in *United States v. Bundy, et al.*, 2:16-cr-00046-GMN-PAL, does not constitute a valid basis for recusal or bias and does not preclude the undersigned from presiding over the civil case alleging that detention violates Plaintiff's civil rights. The order of detention was not based on extrajudicial considerations and presumes that Plaintiff will be detained in accordance with the law. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Recusal of Magistrate Judge (ECF No. 9) is **denied**.

DATED this 17th day of May, 2017.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge