Ryan C. Bundy
ID No. 79400-065
Nevada Southern Detention Hearing
2190 Ease Mesquite Avenue
Pahrump, Nevada 89060
Pro Se

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE #: 2:16-cr-00046-GMN-PAL |
| Plaintiff, | |
| v. | DEFENDANT RYAN C. BUNDY'S RULE 60(b) MOTION, OR ALTERNATIVELY MOTION FOR RECONSIDERATION |
| RYAN C. BUNDY, | |
| Defendant. | |

### DEFENDANT RYAN C. BUNDY'S RULE 60(b) MOTION

**Certification: The following pleading is timely filed.**

Ryan C. Bundy (hereinafter "Bundy" or "Defendant" or "RCB"), *Pro se*, respectfully files this RULE 60(b) MOTION and incorporates and restates the following Memorandum of Points and Authorities in Support of his motion as follows:

Date this ____th day of June, 2017.

                                                                    _____
                                                                    RYAN C. BUNDY, *Pro Se*

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. PROCEDURAL BACKGROUND

On April 24, 2017, Ryan C. Bundy (hereinafter "Bundy", "RCB" or "Defendant") filed his instant Bivens Claim against CoreCivic, USMS[1], Warden Collins, Steve Carpenter, USA, David Harlow, Stacia Hylton and John/Jane Does in the United States District Court for the District of Nevada (ECF Doc # 2). Bundy alleged in an eight (8) count Amended Complaint the following:

1. Count I: - Unconstitutional Conditions and Confinement
    i. 5th and 8th Amendment Deprivation;
    ii. Defendants: Doe Defendants;
    iii. In their individual capacity;

2. Count II: - Access to the Courts
    i. 1st Amendment Deprivation;
    ii. Defendants: Doe Defendants and Steven Carpenter;
    iii. In their individual capacity;

3. Count III: - Unreasonable Search and Seizure;
    i. 4th Amendment Deprivations;
    ii. Defendants: Doe Defendants;
    iii. In their individual capacity;

4. Count IV: - Assault and Batter
    i. Intentional state law tort;
    ii. Defendants: Doe Defendants;
    iii. In their individual capacity;

5. Count V: - Conspiracy to Deprive Bundy of his civil rights;
    i. Title 42 Section 1983(3);
    ii. Defendants: Doe Defendants (Corecivic, USA, USMS);
    iii. In their individual capacity;

6. Count VI: - Unconstitutional Policy
    i. Monell Claim;
    ii. Defendants: (Corecivic),(Warden Collins), (USA); [proposed amendment]
    iii. In their Official capacity;

---
[1] Bundy realizes that suits against federal agencies or its Directors in their official capacity are effectively suits against the United States government.

  7. Count VII: - Retaliation Claim
    i. Deprivation of 4th, 5th, 8th, 14th Amendment rights
    ii. Defendants: Doe Defendants (Corecivic, USA, USMS), Steven Carpenter
    iii. In their individual capacity;

  8. Count VIII: - Declaratory and Injunctive Relief
    i. 28 U.S.C. 2201;
    ii. Defendants: Doe Defendants, Corecivic, Warden Collins, USA, USMS;
    iii. In their official capacity;

On June 09, 2017, the District Court issued its ORDER SCREENING PLAINTIFF'S FIRST AMENDED COMPLAINT AND DENYING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION. The Court screened ▇▇▇▇▇▇ the instant complaint pursuant to Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915A. The screening standard is a low hurdle: plaintiff's claims survive if they are at all colorable. The Court allowed all of Plaintiff's claims to "go forward" to the extent Plaintiff sought injunctive relief, the Court dismissed all claims federal claims for money damages against John and Jane Does employed by Corecivic (a private prison facility). The Court allowed Plaintiff's Count IV – Assault and Battery "state law" claim against John/Jane Does employed by Corecivic.

Moreover, the Court stated that:

> "Although some of his claims are colorable for purposes of screening, they are unlikely to succeed on their merits. His primary claim is against the search policy, and although the relevant Ninth Circuit case law may not outright preclude this claim, it comes close. Even if plaintiff has a reasonable chance of success, he has not established that he will be irreparably harmed in the absence of an injunction. I thus allow some of plaintiff's claims to proceed past screening, but I deny his request for a preliminary injunction." *Order* (Doc #13 at Page 2; Lines 14-20)

In sum, this Court dismissed Counts 1-3 and 5-7 because the Court believes that Bivens claims are not available against the United States, Corecivic or Corecivic employees. Further the Court believes Plaintiff has not alleged [any] facts to support a Bivens Claim against any individual federal officer. Moreover, the Court found Plaintiff plead no facts

which would make a plausible claim against Harlow or Hylton (acting and former Directors of USMS, respectively). Lastly, the Court plaintiff's conspiracy claim pursuant to Title 42 Section 1985.

The Court concluded that its dismissals were all with prejudice with one exception; that Plaintiff was granted leave to amend and assert a Bivens claim against Collins in her individual capacity and/or USMS agents if he can plead true facts to show that their personal conduct subjects them to liability for his constitutional injuries.

## II. LEGAL ANALYSIS

Rule 60(b)(6) allows the Court to relieve a party from an order for any reason that justifies relief. Rule 60(b)(6) is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances exist. *Harvest v. Castro*, 531 F.3d 737, 749 (9th Cir.2008) (quotations marks and citation omitted). The moving party must demonstrate both injury and circumstances beyond his control. *Id.* (quotation marks and citation omitted). Further,

A motion for reconsideration based on Rule 60(b) should ▇ be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, **committed clear error,** or if there is an intervening change in the controlling law," *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir.2009) (internal quotations marks and citations omitted, and "[a] party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation ... " of that which was already considered by the Court in rendering its decision, *U.S. v. Westlands Water Dist.*, 134 F.Supp.2d 1111, 1131 (E.D.Cal.2001). <u>Darden v. Arain</u>, No. 1:12-CV-00663-SKO PC, 2012 WL 6719559, at *1 (E.D. Cal. Dec. 26, 2012), <u>aff'd</u>, 541 F. App'x 734 (9th Cir. 2013)

III. **ARUGMENT**

As a threshold matter, this Court dismissed seven (7) of Plaintiff's claims summarily with prejudice pursuant to 28 U.S.C.A. § 1915A. Bundy is not allowed to file a response in opposition, argue his facts, the law or why he believes the Court's Order is erroneous and contrary to the law. This is a highly unusual circumstance for several reasons and warrants a Rule 60(b) Motion be filed.

First, without Rule 60(b) remedy, Bundy's procedural due process is foreclosed absent a direct appeal to the Ninth Circuit. The notion that a litigant may file a civil action with no opportunity to argue, amend or otherwise explain legal justification or theories for advancing an action causes Plaintiff great pause. Certainly, some prisoners and pre-trial detainees who file frivolous, vexatious and even possibly harassing actions in the Federal Court System do exist. Indeed, everyone in the penal system is innocent [sic] – just ask them. However, there must be some and possibly many litigants, who have no legal training or background; that the Court actually construes their claims liberally without just facially stating it in a conclusory fashion and summarily dismissing the actions. Of Course, *pro se* litigants are not required to know the law; or artfully argue the facts to the law. How could they? Being untrained or skilled. This bolsters the necessity and the reliance on the Court by the pro se litigant to assist him/her in objectively and unbiasedly applying the law. Based on Section 1915A, no other conclusion may be drawn except the law treats people differently depending on whether they have been granted pretrial release; as opposed to those forced to sit inside government sponsored concrete [boxes] due to the oppressive nature and possibility of manipulation to the Bail Reform Act(18 USC 3142). Does a man really have due process rights after he has been indefinitely detained with no trial date in sight?

To the extent there may be an argument somewhere in the universe that supports dismissing a pre-trial detainee's complaint *sua sponte* with prejudice prior to defendant's

making an appearance or filing responsive pleadings; Plaintiff states again this is a highly unusual circumstance when done in such a fashion that substantially halts Plaintiff's due process with no further litigation. Arguably, this is a *per se* violation of procedural due process. Further, it appears a class of citizens called [pre-trial detainee] systemically suffer equal protection under the law injuries in violation of the Fifth Amendment of the United States Constitution each time a complaint is filed and dismissed *sua sponte'* with prejudice pursuant to a Section 1915A Screening Order. To this end – the Court should reconsider the following

### A. Plaintiff Stated a Claim Against John/Jane Does employed at CoreCivic and USMS For Money Damages or alternatively Should Be Granted Leave to Amend His Complaint.

This Court relied on *Malesko* when it dismissed Count's 1-3 and 5-7. *Malesko* pertained to an action against government "contractor" entities not against individual defendants who were acting under the color of federal law in his/her individual capacity. There is no implied private right of action, pursuant to *Bivens*, for damages against private entities that engage in alleged constitutional deprivations while acting under color of federal law; abrogating *Hammons v. Norfolk Southern Corp.*, 156 F.3d 701.Corr. Servs. *Corp. v. Malesko*, 534 U.S. 61, 122 S. Ct. 515, 151 L. Ed. 2d 456 (2001); Hence, Malesko does not support the Court's dismissal of the Counts *supra* with prejudice.

Though the *Pollard Court* is also dispositive on the instant issue, it is not dispositive for the same reason. *The Supreme Court* made it clear there was a fact specific analysis necessary to conclude *Bivens* did not apply to private contract employees operating on the color of federal law; thus it created a mixed question of fact and law that cannot or at least should not be resolved on a 1915A Screening Order. In *Pollard*, the Court primarily addressed the issue of the 8th Amendment and "failure to medically treat". The Court concluded Pollard had state tort law remedy that had not been pursued (negligence/medical

mal practice); which precluded him from money damages under the federal jurisdiction of *Bivens*.

*This Court* did not reach the instant question or the gravamen of the legal issue in its Screening Order (Doc #13) and subsequently denied Plaintiff's Counts summarily based on the misapplication of *Malesko*. In truth, the Ninth Circuit granted *Pollard* relief on appeal; However, the *Supreme Court* reversed without deciding whether the rule applied to each or every lawsuit filed against private employees who violate citizen's constitutional rights under the color of federal law as follows:

> "Regardless, we concede that we cannot prove a negative **or be totally certain that the features of state tort law relevant here will universally prove to be, or remain, as we have described them**. Nonetheless, we are certain enough about the shape of present <u>law as applied to the kind of case before us to leave different cases and different state laws to another day</u>. That is to say, we can decide whether to imply a *Bivens* action in a case where an Eighth Amendment claim or state law differs significantly from those at issue here *131 when and if such a case arises. The possibility of such a different future case does not provide sufficient grounds for reaching a different conclusion here.
>
> For these reasons, where, as here, a federal prisoner seeks damages from privately employed personnel working at a privately operated federal prison, where the conduct allegedly amounts to a violation of the Eighth Amendment, and where that conduct is of a kind that typically falls within the scope of traditional state tort law (such as the conduct involving improper medical care at issue here), the prisoner must seek a remedy under state tort law. We cannot imply a *Bivens* remedy in such a case." Minneci v. Pollard, 565 U.S. 118, 130–31, 132 S. Ct. 617, 626, 181 L. Ed. 2d 606 (2012)

In truth, Plaintiff suggests this issue is not "yet" ripe for disposition until Defendants make an appearance and file 12(b)(6) Motions, effectively making their own dispositive arguments for the Court's review and consideration of the same. This Court did not consider *Pollard* and the applicable legal analysis therein. Alternatively, to the extent the Court found Plaintiff did not state a claim for other reasons or due to the same, Bundy requests clarification and leave of court to cure specific technical defects in the instant Counts in the Complaint. Indeed, Plaintiff also requests this Court instruct [notice] him specifically on the

defects within each Count as it pertains to the elements that may be further deficient and potentially curable. It is difficult for Plaintiff to decipher the screening Order otherwise. Indeed, Bundy is hard-pressed to find the Court's Order procedurally and substantively instructional for himself in the furtherance of his *pro se* litigant status.

### B. Plaintiff Stated a Claim Against Harlow/Hylton (USMS Directors) in the USMS Director's Official Capacity.

Plaintiff Bundy has alleged [only] one Count against Harlow and Hylton; which is located in Count Six (6) under a theory that Collins, Harlow and Hylton were chief policy makers for their respective organizations. Unconstitutional Policies ratified by these defendants in their official capacities were the driving force and the direct and proximate cause of Plaintiff's constitutional injuries. Indeed, prior similar lawsuits effectively placed Defendants on notice of these constitutional *train-wrecked* policies; hence defendants knew or should have known that it was likely Plaintiff would be constitutionally injured. Essentially suing the Directors and Warden, in their official capacity as head policy makers, is the same as suing Corecivic and the United States of America.

If *Monell* is not the correct legal theory or jurisdiction to allege money damages against the United States and Corecivic for the damages caused by its customs, practices, unwritten polices and usages; Plaintiff requests the Court reconsider and apply liberal construction to his complaint to technically correct the document and provide procedural and instructional oversight in the furtherance of fundamental fairness.

To the extent, the Court still finds Plaintiff's complaint technically defective, Bundy requests leave of Court to cure any purported particularized defects this Court provides instructional [notice] to Plaintiff that are still lacking therein.

### C. Plaintiff Stated a Claim Against Defendants for Retaliation Pursuant to Title 42 Section 1985(2) not (3).

Notwithstanding Plaintiff's general facts plead in paragraphs 1 through 116 in his

Bivens claim and incorporated inside Count V; essentially alleging a conspiracy to <u>Obstruct Justice and Intimidate a Party</u>. Pursuant to *Haines v. Kerner*, this Court should have applied liberal construction of Plaintiff's complaint to infer Bundy committed a scrivener error when he misquoted the federal statute. Reading the Bivens complaint as a whole and in context with his affidavit, clearly demonstrates Plaintiff Bundy intended to proceed under Title 42 Section 1985(2) and not (3) which is erroneously typed on the header of Count V and in the Jurisdictional statement.

To the extent this Count finds Bundy's Bivens complaint is technically defective under Title 42 Section 1985(2), Bundy requests further clarification in an order; and leave of court to amend his complaint and correct any facial or technical defects which this Court may [notice] with particularity and direct Bundy to cure in a subsequent amended complaint.

## IV.    CONCLUSION

For the previous reasons stated, Defendant Bundy respectfully requests this Court reconsider and relieve him from its Screening Order (Doc #13); and allow Counts 1-3 and 5-7 to move forward; and further clarify its screening order with particularity; or alternatively Plaintiff requests *the Court* make entry of final judgement[2] pursuant to Fed. R. Civ P. 54[3]; and any other and further relief this court deems proper and just.

---

[2]    Pertaining to all counts <u>dismissed with prejudice</u> by this Court in the screening order(Doc #13); if the Court denies reconsideration and does not set aside or vacate the same.

[3]    **(b) Judgment on Multiple Claims or Involving Multiple Parties.** When an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities Fed. R. Civ. P. 54

Dated the 7th day of June, 2017.

Respectfully submitted,

/s/ Ryan C. Bundy
RYAN C. BUNDY
*Pro Se Defendant*

## CERTIFICATE OF SERVICE

I, Ryan C. Bundy, do hereby certify that a true and correct copy of the foregoing pleading was served upon the Clerk of the District Court for the District Court of Nevada via first class USPS first class mail with return postage receipt.

Dated this 21 th day of June, 2017

Ryan C. Bundy
Pro Se Defendant

Tyler Burgh
2190 E Mesquite Ave
Pahrump NV 89060

LEGAL MAIL

United States District Court
333 Las Vegas Blvd South, Room 50?
Las Vegas, Nevada 89101

Correspondence originated from a detention facility. The facility is not responsible for the contents herein




Mailed From 8
06/22/2017
032A 006185