UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

RYAN C. BUNDY,

    Plaintiff,

v.

UNITED STATES OF AMERICA, INC. et al.,

    Defendants.

Case No. 2:17-cv-01127-JAD-GWF

**Order**

[ECF No. 14]

    Ryan C. Bundy brought this action to challenge his pretrial-detention conditions at the Nevada Southern Detention Center (NSDC) and the facility's strip-search policies and procedures. In pleading his claims, Bundy cast his net wide. He sued the NSDC warden and unnamed correctional officers; its owner CoreCivic; the United States of America, Inc.; former United States Marshal Services (USMS) directors David L. Harlow and Stacia Hylton, and unnamed USMS personnel. He alleged *Bivens* claims for money damages, a state-law-based claim for assault and battery, and a conspiracy claim, and he seeks injunctive relief from alleged fourth, sixth, eighth, and fourteenth amendment violations.[1]

    The court screened plaintiff's complaint under the Prison Litigation Reform Act (PLRA), dismissed his *Bivens* claims largely because they exceed the scope of the narrow right to sue federal officers for money damages carved out by *Bivens* and its progeny,[2] and granted him leave to amend his *Bivens* claims against Warden Collins in her individual capacity or against any USMS Doe Defendant if he can plead true facts

---

[1] ECF No. 8-1.

[2] ECF No. 13 at 6–9.

showing that their personal conduct subjects them to money-damages liability.[3]

Plaintiff did not amend. Instead, he responded with a "Rule 60(b) motion, or alternatively motion for reconsideration" of the screening order.[4] He offers four reasons that the court erred: (1) the court deprived him of procedural due process by dismissing his claims in a screening order and without allowing him the opportunity to respond; (2) he properly stated a *Bivens* claim against CoreCivic and USMS Doe Defendants for money damages, or he should at least be given leave to amend those claims; (3) he stated colorable claims against former USMS directors David Harlow and Stacia Hylton by pleading that they were the chief policy makers for their organization at the time the strip-search policy was adopted, and if he didn't, he should get leave to amend to do so; and (4) he meant to plead his civil-rights conspiracy claim in Count five under 42 U.S.C. 1985(**2**), not (3), and the court should have realized this.[5] The court liberally construes this motion as one for reconsideration under its "inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient" because the screening order is not a final order or judgment that triggers Rule 60.[6] The court then denies the motion with one exception: the court finds that plaintiff may proceed on a civil-conspiracy claim under 42 U.S.C. 1985(2) once he identifies the CoreCivic and USMS Doe Defendants.

---

[3] *Id.* at 16.

[4] ECF No. 14 at 1. He followed it with an errata indicating that page 4, line 17 of his original motion should state "should not be granted" instead of "should be granted." ECF No. 15 at 2. The court finds this motion suitable for disposition without oral argument. LR 78-1.

[5] ECF No. 14 at 4–9.

[6] *See City of Los Angeles v. Santa Monica Baykeeper*, 254 F.3d 882, 885 (9th Cir. 2001); *see also United States v. Martin*, 226 F.3d 1042, 1048 n.8 (9th Cir. 2000) ("Rule 60(b), like Rule 59(e), applies only to motions attacking final, appealable orders . . . .").

## Discussion

### A. Standard for reconsidering a screening order

As local rule 59-1(a) explains, "A party seeking reconsideration under this rule must state with particularity the points of law or fact that the court has overlooked or misunderstood. . . . Reconsideration also may be appropriate if (1) there is newly discovered evidence that was not available when the original motion or response was filed, (2) the court committed clear error or the initial decision was manifestly unjust, or (3) there is an intervening change in controlling law."[7]

### B. The screening process did not deprive the plaintiff of due process.

Plaintiff first argues that the court violated his procedural due process rights because it dismissed several of his claims "summarily with prejudice pursuant to 28 U.S.C. § 1915A" and without allowing him to file a response in opposition, to argue his facts, or to argue the law on why he believes the court is wrong.[8]

The court finds that plaintiff's due-process argument is without merit. Title 28 U.S.C. § 1915A directs the district courts to "review, before docketing, . . . a complaint in a civil action in which a prisoner[9] seeks redress from a governmental entity or officer or employee of a governmental entity."[10] The statute further directs the court to dismiss any portion of the complaint that is "frivolous, malicious, or fails to state a claim upon which relief may be granted" or " seeks monetary relief from a defendant who is immune from such relief."[11] That is exactly what the court did in this case. And although the screening process itself does not allow a back and forth between the

---

[7] L.R. 59-1(a); *Sch. Dist. No. 1J v. Acands, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

[8] ECF No. 14 at 5.

[9] Per the statute, the term "prisoner" also includes pretrial detainees. 28 U.S.C. § 1915A(c).

[10] 28 U.S.C. § 1915A(a).

[11] *Id.* § 1915A(b)(1)-(2).

plaintiff and the court, a motion for reconsideration is the due-process mechanism for a plaintiff to argue why he believes the court committed legal error in the screening order. That is precisely what the plaintiff has done here. The court did not err by following the statutorily prescribed screening process to dismiss the plaintiff's legally unsupportable claims.

### C. The court did not commit clear error in dismissing plaintiff's *Bivens* claims for money damages.

Plaintiff next argues that the court should not have dismissed his money-damages *Bivens* claim against the CoreCivic and USMS Doe Defendants because "a fact specific analysis [is] necessary to conclude [that] *Bivens* did not apply to private contract employees operating on the color of federal law," and the screening process is not the vehicle for such an analysis.[12] Alternatively, he argues, the court should "instruct" him on what the defects in this claim are and give him leave to cure them.[13]

The gravamen of plaintiff's legal argument is that the court misapplied *Corr. Servs. Corp. v. Malesko*[14] to his case because it does not support the dismissal of his claims against the CoreCivic Doe Defendants and the USMS Doe Defendants with prejudice.[15] Plaintiff contends that *Minneci v. Pollard* suggests that his claims survive screening and should be addressed through Rule 12(b)(6) motions.[16] Having reviewed both *Malesko* and *Minneci,* the court finds that the dismissal of these *Bivens* claims in the screening order was not clearly erroneous. As explained in detail in the screening order, these cases preclude plaintiff from pursuing a *Bivens*-based money-damages claim against the United States, CoreCivic, or the CoreCivic Doe Defendants, and

---

[12] ECF No. 14 at 6–7.

[13] *Id.* at 7–8.

[14] *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61 (2001).

[15] *Id.* at 6–7.

[16] *Minneci v. Pollard*, 565 U.S. 118 (2012).

plaintiff has not persuaded me otherwise by this motion.[17]

Importantly, the court did not dismiss plaintiff's claims against the USMS Doe Defendants with prejudice. The court explained that the plaintiff may be able to assert a *Bivens* claim against individual USMS agents, but he hadn't pled the personal-participation facts to support one in his amended complaint.[18] And, for that, the court gave him leave to amend.[19]

### D.   Claims against USMS Directors Harlow and Hylton

Next, plaintiff disagrees with the court's conclusion that he failed to state a plausible claim against former USMS Directors David Harlow and Stacia Hylton.[20] He argues that he stated claims against these defendants in their official capacities by alleging that they were chief policy makers for their organization and that they ratified the unconstitutional policies at the heart of his case. He relies on *Monell v. New York City Dept. of Social Services*[21] and argues that, if *Monell* is not the right hook for his money-damages claims against these defendants, the court should "reconsider and apply liberal construction to his complaint to technically correct the document."[22]

The court dismissed these claims for two reasons. First, it was factually impossible. Plaintiff did not allege any facts to show that these former directors—who left their posts nearly a full year before the plaintiff became a pretrial detainee at NSDC based on the dates in the amended complaint—engaged in the type of personal

---

[17] ECF No. 13 at 7.

[18] *Id.* at 7–8.

[19] *Id.* at 9 ("This dismissal is with prejudice with one exception: plaintiff has leave to amend to assert a *Bivens* claim against Collins in her individual capacity and/or against USMS agents if he can plead true facts to show that their personal conduct subjects them to liability for his constitutional violations.").

[20] ECF No. 14 at 8.

[21] *Monell v. New York City Dept. of Social Services*, 436 U.S. 658 (1978).

[22] ECF No. 14 at 8.

participation necessary for *Bivens* liability. Second, plaintiff acknowledges that he sues these defendants in their official capacities and that suing these USMS directors in their official capacities is effectively the same as suing the United States of America.[23] But *Bivens* does not authorize claims for money damages against the United States government or its agencies.[24] So these official-capacity *Bivens* claims fail as a matter of law, too. The court therefore is not persuaded that the dismissal of plaintiff's claims against the former USMS directors without leave to amend warrants reversal or reconsideration.

### E. Plaintiff has stated a conspiracy claim under 42 U.S.C. § 1985(2).

Finally, plaintiff argues that the court got the legal basis for his conspiracy claim in Count five wrong: although he typed that he was bringing this claim under 42 U.S.C. § 1985(**3**), this was a scrivener's error; he meant—and the court clearly should have known that he meant—to assert it under § 1985(**2**).[25] The conspiracy he claims is one "to Obstruct Justice and Intimidate a Party."[26] The court does not agree that it was apparent that plaintiff typed the wrong subsection of § 1985 or that the court should have guessed that he really meant subsection (2). But having now re-evaluated his claim under § 1985(2), the court finds that the plaintiff has stated a colorable claim.

Section 1985(2) contains two clauses. The second clause proscribes conspiracies "to interfere with justice in the state courts 'with intent to deny any citizen' 'due and equal protection of the laws,'" and it requires a plaintiff to show "class-based animus."[27] Plaintiff has not pled any such animus, and the court system he references is federal, not state, so he has not stated a claim under the second clause of § 1985(2).

---

[23] *Id.*

[24] *See* discussion at ECF No. 13 at 7.

[25] ECF No. 14 at 8–9.

[26] *Id.* at 9 (original emphasis omitted).

[27] *Bretz v. Kelman*, 773 F. 2d 1026, 1028 (9th Cir. 1985).

But "under the first part of section 1985(2)[,] it is not necessary to allege that the conspiracy was under color of state law or was motivated by racial or other class-based discriminatory animus."[28]  Instead, "to make out a claim based on retaliation under the first clause of section 1985(2), a plaintiff must prove four elements: (1) a conspiracy by the defendants; (2) to injure a party or witness in his or her person or property; (3) because he or she attended federal court or testified in any matter pending in federal court; (4) resulting in injury or damages to the plaintiff."[29]  Plaintiff has stated a colorable conspiracy claim under the first clause of 42 U.S.C. § 1985(2).  So that portion of Count five may proceed once he learns the identities of the CoreCivic and USMS Doe Defendants and moves to substitute them in as named defendants.

## Conclusion

Accordingly, IT IS HEREBY ORDERED that the motion for reconsideration **[ECF No. 14] is GRANTED IN PART AND DENIED IN PART.**  It is granted only with respect to the 42 U.S.C. § 1985(2) claim as explained in section E above; it is denied in all other respects.

With these reconsideration issues now resolved, the court restarts the time period for plaintiff to file a second-amended complaint as permitted by the original screening order.  *See* ECF No. 13 at 9 ("Plaintiff has leave to amend to assert a *Bivens* claim against Collins in her individual capacity and/or against USMS agents if he can plead true facts to show that their personal conduct subjects them to liability for his constitutional violations.").  **If plaintiff chooses to file a second-amended complaint to amend as permitted, he must do so by December 11, 2017.**  If he chooses to amend his complaint as permitted by the screening order, he is directed to also amend Count five to make it clear that this claim is stated under subsection (2) of § 1985, not subsection

---

[28] *Dooley v. Reiss*, 736 F.2d 1392, 1395 (9th Cir. 1984).

[29] *Portman v. County of Santa Clara*, 995 F.2d 898, 909 (9th Cir. 1993).

(3).

**The Clerk of the Court is directed to SEND** to plaintiff the approved form for filing a § 1983 complaint, instructions for the same, and a copy of his first-amended complaint (ECF No. 8-1).  If plaintiff chooses to file a second-amended complaint, he must use the approved form, and he must write the words "Second Amended" above the words "Civil Rights Complaint" in the caption.  If plaintiff files a second-amended complaint, the Court will screen the second amended complaint in a separate screening order.  <u>The screening process will take several months.</u>

If plaintiff does not file a second amended complaint by December 4, 2017, this case will proceed: (1) now on an injunctive-relief claim (count 8) against the United States, CoreCivic, CoreCivic Doe Defendants, and Warden Collins in her official capacity for alleged constitutional violations; (2) on an assault-and-battery claim (count 4) against the CoreCivic Doe Defendants once plaintiff identifies these employees by name and moves to substitute them in as defendants; and (3) on a 42 U.S.C. § 1985(2) claim against the CoreCivic and USMS Doe Defendants once plaintiff identifies these employees by name and moves to substitute them in as defendants.

DATED this 9th day of November 2017.

_____
Jennifer Dorsey
United States District Judge