## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| Ryan C. Bundy, | 2:17-cv-01127-JAD-GWF |
| Plaintiff | **Order Dismissing Case** |
| v. | |
| United States of America Inc., et al., | |
| Defendants | |

Three months ago, I ordered pro se plaintiff Ryan Bundy to update his mailing address because correspondence in this case was being returned as undeliverable.[1] I also warned him that his "[f]ailure to do so" by January 18, 2018, would "result in **DISMISSAL** of this case **with prejudice without further prior notice**."[2] Bundy has failed to do so.

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case.[3] A court may dismiss an action with prejudice based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules.[4] In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious

---

[1] ECF No. 18.

[2] *Id.*

[3] *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986).

[4] *See Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440–41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.[5]

I find that the first two factors weigh in favor of dismissal. The risk-of-prejudice factor also weighs in favor of dismissal because a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action.[6] Although I recognize that Bundy had been actively involved in defending himself in the criminal prosecution that led to his detention that underlies this civil action, that case was dismissed more than two months ago,[7] and he still has not updated his address. The fourth factor is greatly outweighed by the factors in favor of dismissal, and a court's warning to a party that his failure to obey the court's order will result in dismissal satisfies the "consideration-of-alternatives" requirement.[8] Bundy received a bolded, capitalized warning that his case would be dismissed if he did not correct his on-file mailing address, but he did not heed that warning.

Accordingly, IT IS HEREBY ORDERED that this action is **DISMISSED with prejudice** based on Bundy's failure to file an updated address in compliance with my December 18, 2017, order. The **Clerk of Court** is directed to **ENTER JUDGMENT** accordingly and **CLOSE THIS CASE**.

DATED: March 9, 2018.

_____
United States District Judge

---

[5] *Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423–24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260–61; *Ghazali*, 46 F.3d at 53.

[6] *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976).

[7] *See* 2:16-cr-0046-GMN-PAL, ECF No. 3117.

[8] *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132–33; *Henderson*, 779 F.2d at 1424.